UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY LEE ROGERS, )<br>)<br>      Plaintiff    )<br>)<br>     vs.             )<br>)<br>UNITED STATES OF AMERICA, )<br>ASSISTANT UNITED STATES )<br>ATTORNEY TINA NOMMAY, and )<br>HON. THERESA L. SPRINGMANN, )<br>)<br>      Defendants  ) | CAUSE NOS. 1:08-CV-162<br>               and 1:08-CV-183 |

OPINION and ORDER

A jury convicted Anthony Lee Rogers in April 2005 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and of making a false statement in connection with a firearms transaction in violation of 18 U.S.C. § 924(a)(1)(A). He was sentenced in October 2006 to concurrent terms of 46 months' imprisonment on each count, to be followed by three years of supervised release. The court of appeals affirmed Mr. Rogers' convictions. *See* United States v. Rogers, 542 F.3d 197 (7th Cir. 2008).

Since his sentencing, Mr. Rogers has filed four *pro se* complaints, three in the Allen County Superior Court — each of which the United States timely removed to this court pursuant to 28 U.S.C. § 1442 — and one in the Fort Wayne Division of this court. In each complaint, Mr. Rogers names as defendants the United States of America, Assistant United States Attorney Tina Nommay (who

prosecuted the criminal case against him), and United States District Judge Theresa Springmann (who presided over his trial and sentencing) and seeks to have his criminal conviction vacated and expunged from his record based on his assertion that the federal government has no jurisdiction to prosecute criminal cases in Indiana. Mr. Rogers also seeks an award of monetary damages from the United States of America, AUSA Nommay, and Judge Springmann.[1]

Mr. Rogers' initial complaint, Cause No. 1:08-CV-30, was dismissed on May 13, 2008 on the defendants' motions; Mr. Rogers dismissed his second lawsuit (filed in this court as Cause No. 1:08-CV-149) within a week of his having filing the complaint. Mr. Rogers' remaining two cases (Cause Nos. 1:08-CV-162 and 1:08-CV-183, which were consolidated in August 2008) are before the court on the motions of the United States, AUSA Nommay, and Judge Springmann to dismiss the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and based on the judgment entered in <u>Rogers v. United States</u>, No. 1:08-CV-30 PPS, 2008 WL 2074142 (N.D. Ind. May 13, 2008). AUSA Nommay and Judge Springmann argue, too, that they are entitled to absolute immunity from suit: because their actions were taken in their official capacities, prosecutorial immunity bars Mr. Rogers' claims against AUSA Nommay and

---

[1] Mr. Rogers initiated Cause No. 1:08-CV-149 against the United States, AUSA Nommay, and Judge Springmann in this court on June 4, 2008, seeking to have his criminal convictions declared void and damages awarded based on reasons different from those set forth in his other three complaints. Because Mr. Rogers dismissed his complaint in 1:08-CV-149 on June 12, 2008, further discussion of that action is unnecessary to the resolution of the current motions.

2

judicial immunity bars his claims against Judge Springmann. Mr. Rogers has filed objections to the defendants' motions.

I. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of complaints that don't bring an actionable claim within the subject matter jurisdiction of the federal courts. A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power to act: a federal court must assure itself that it has jurisdiction over the subject matter of a case before it can take any action on the merits of the case. *See* Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998).

In ruling on a motion brought under Rule 12(b)(1), the court need not accept the truth of the allegations in the complaint, but may look beyond the complaint and the pleadings to evidence that calls the court's jurisdiction into doubt. *See* Johnson v. Apna Ghar, Inc., 330 F.3d 999, 1001 (7th Cir. 2003); Bastien v. AT&T Wireless Serv., Inc., 205 F.3d 983, 990 (7th Cir. 2000). The party asserting jurisdiction bears the burden of demonstrating subject matter jurisdiction by competent proof. *See* Thomas v. Gaskill, 315 U.S. 442, 446 (1942); United Phosphorus, Ltd. v. Angus Chemical Co., 322 F.3d 942, 946 (7th Cir. 2003).

The parties' burdens under Rule 12(b)(1) differ from those imposed by a motion to dismiss brought under Rule 12(b)(6). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of

3

persuasion. Under Rule 12(b)(6), by contrast, the defendant bears the burden of demonstrating the plaintiff has not stated a claim." Cohen v. Kurtzman, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citations omitted). Analysis of a motion brought pursuant to Rule 12(b)(6) requires the court to view the complaint's factual allegations as true and in the light most favorable to the plaintiff. *See* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003). A motion to dismiss under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Szumny v. America Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001). A Rule 12(b)(6) motion tests the sufficiency of the complaint, not its underlying merits. Szabo v. Bridgeport Mach., Inc., 249 F.3d 672, 675 (7th Cir. 2001).

## II. Discussion

A review of Mr. Rogers' three state court complaints — removed to this court by the government — is necessary to the court's consideration of the pending motions. Mr. Rogers' claims in all three cases are the same: he asserts that his criminal conviction in Cause No. 1:03-CR-78 is invalid because the United States may only prosecute criminal cases within the District of Columbia and other territories owned by the federal government. Mr. Rogers claims that because his actions took place in Fort Wayne, Indiana, which the legislature of the State of

Indiana hasn't ceded to the United States, the United States had no authority to prosecute him in Indiana where it has no jurisdiction. Mr. Rogers asks in each complaint that the judgment in Cause No. 1:03-CR-78 be declared void, his criminal conviction be vacated and expunged from his record, and he awarded damages; only the amount of damages being sought differs. His prayer for relief in Cause No. 1:08-CV-30 seeks $40 billion from the United States, while in Cause Nos. 1:08-CV-162 and 1:08-CV-183 he seeks $40 billion from the United States, $250,000 from AUSA Nommay, and $500,000 from Judge Springmann.

Mr. Rogers' initial lawsuit, Cause No. 1:08-CV-30, was dismissed on May 13, 2008 based on the court's findings and conclusions that

>(1) Mr. Rogers' request to have his sentence vacated and set aside was akin to a petition for relief under 28 U.S.C. § 2255 and because "the Allen County Superior Court did not have jurisdiction over [Mr.] Rogers' federal habeas claims, [the federal] court did not acquire derivative jurisdiction from the state court," so Mr. Rogers' claim for habeas relief should be dismissed without prejudice for lack of subject matter jurisdiction [*see* May 13 Opinion and Ord., at 3];

>(2) Mr. Rogers' request for monetary damages should be construed as a tort claim against the United States and because federal district courts have exclusive jurisdiction over civil actions for monetary damages against the United States and government employees acting within the scope of their employment, the federal court didn't acquire derivative jurisdiction from the state court where the action was originally filed, so Mr. Rogers' damages claims should be dismissed for lack of subject matter jurisdiction [*see* May 13 Opinion and Ord., at 3-4];

>(3) the doctrine of sovereign immunity precludes the district court's jurisdiction over Mr. Rogers' claims so his claim for damages should be dismissed for lack of subject matter jurisdiction [*see* May 13 Opinion and Ord., at 3];

5

(4) Mr. Rogers' claims against Judge Springmann are barred by judicial immunity and against AUSA Nommay are barred by the doctrine of prosecutorial immunity [*see* May 13 Opinion and Ord., at 4 n.3]; and

(5) any attempt by Mr. Rogers to assert an individual capacity action against Judge Springmann and/or AUSA Nommay pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), was barred based on the pendency of his appeal of his criminal conviction [*see* May 13 Opinion and Ord., at 5].

The court dismissed Mr. Rogers' complaint in Cause No. 1:08-CV-30 "without prejudice for lack of jurisdiction," *see* May 13 Opinion and Ord., at 5, and final judgment was entered on May 14. That judgment "is normally enough to assure finality for preclusion purposes [because even a] judgment based upon an erroneous view of law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action." Ross ex rel. Ross v. Board of Educ. of Twp. High School Dist. 211, 486 F.3d 279, 284 (7th Cir. 2007). Mr. Rogers, though, didn't appeal the dismissal order in Cause No. 1:08-CV-30, which was a final judgment for purposes of 28 U.S.C. § 1291, but, instead, filed two more lawsuits in the Allen Superior Court raising the same issues against the same defendants, which, following the government's removal to this court, became Cause Nos. 1:08-CV-162 and 1:08-CV-183.

Mr. Rogers' initial complaint [Cause No. 1:08-CV-30] was dismissed based on a lack of subject matter jurisdiction. While such a dismissal is not a final judgment on the merits and so won't bar a later suit on res judicata grounds,

6

dismissal of a suit for lack of jurisdiction "does preclude relitigation of the issue of whether the first tribunal had jurisdiction, and thus does have collateral estoppel, or issue preclusion, effect in later proceedings." Watkins v. United States, No. 02-C-8188, 2003 WL 1906176, at *2 (N.D. Ill. Apr. 17, 2003) (internal quotation and citation omitted). Mr. Rogers' claims in 1:08-CV-162 and 1:08-CV-183 are identical to his claims in 1:08-CV-30, so the May 13, 2008 dismissal of his claims on jurisdictional grounds governs resolution of this action. Mr. Rogers hasn't cured the jurisdictional defects of his complaint or presented any new facts that would establish subject matter jurisdiction and, accordingly, the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted.

III. CONCLUSION

Based on the foregoing, the court

(1) GRANTS the motion to dismiss filed by the United States [docket # 12 in Cause No. 1:08-CV-162 and docket # 9 in Cause No. 1:08-CV-183];

(2) GRANTS the motion to dismiss filed by Tina Nommay [docket # 24];

(3) GRANTS the motion to dismiss filed by Theresa Springmann [docket # 29]; and

(4) DENIES as moot the motions filed by Anthony Rogers [docket # 16, 27, 32, and 33].

SO ORDERED.

ENTERED:   February 23, 2009   


                     /s/ Robert L. Miller, Jr.
                     Chief Judge
                     United States District Court