UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY LEE ROGERS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NOS. 1:08-CV-162 |
| ) | and 1:08-CV-183 |
| UNITED STATES OF AMERICA, ) | |
| ASSISTANT UNITED STATES ) | |
| ATTORNEY TINA NOMMAY, and ) | |
| HON. THERESA L. SPRINGMANN, ) | |
| ) | |
| Defendants ) | |

OPINION and ORDER

This matter is before the court on Anthony Rogers' motion for extension to file an appeal (document # 36). This court issued an opinion and order on February 23, 2009 dismissing Mr. Rogers' case. Mr. Rogers contends that he had been in federal custody on a criminal matter since September 10, 2008, and as a result, didn't receive notice of the court's dismissal. Mr. Rogers therefore argues that this court should grant him an extension of time to appeal the decision. Mr. Rogers also requests a copy of the order and opinion dismissing this cause.

The court initially notes that Mr. Rogers' motion is unsigned. Federal Rule of Civil Procedure 11(a) states:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

FED. R. CIV. P. 11. Instead of delaying this matter, the court allows Mr. Rogers to promptly file a signed amended motion providing further explanation to the court as discussed below.

Mr. Rogers had sixty days from the date of judgment to file a notice of appeal. FED. R. APP. P. 4(a)(1)(B) ("When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days . . . ."). The district court may extend the time to file a notice of appeal if the following conditions are met:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A). Even if Mr. Rogers could show excusable neglect or good cause, he didn't file his motion within 30 days after the time prescribed by Rule 4(a).

The rules allow the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, when the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6). The Advisory Committee Notes explain that this rule is to provide "limited opportunity for relief in circumstances where the notice of entry of a judgment or order . . . is either not received by a party or received so late as to impair the opportunity to file a timely notice of appeal." FED. R. APP. P. 4, Advisory Committee's Note to 1991 Amendments. The Advisory Notes further state that "Rule 4(a)(6) applies to only a small number of cases--cases in which a party was not notified of a judgment or order by either the clerk or another party within 21 days after entry. " FED. R. APP. P. 4, Advisory Committee's Note to 2005 Amendments.

The court notes that the February 23, 2009 opinion appears to have been sent to Mr. Rogers' last known address. The docket in the criminal case - Cause No. 1:03-CR-78 -indicates that Mr. Rogers was arrested for a supervised release revocation proceeding on September 10, 2008.  Mr. Rogers was detained pending his revocation hearing, which took place on July 21, 2009. He was then committed to the custody of the U.S. Bureau of Prison to be imprisoned for a term of 21 months.

The record suggests that Mr. Rogers didn't received actual notice of the court's order. The Clerk sent the order and opinion to Mr. Rogers' listed address, but Mr. Rogers was in federal custody at that time. Mr. Rogers never informed the court of his change of address or whereabouts, nor has he inquired about the status of his case since his arrest. The court has discretion when deciding

3

whether to reopen the time to file an appeal pursuant to Rule 4(a)(6), even if the requirements under that rule are met. *See* Odukoya v. Reese, 181 Fed. Appx. 917, 918-919 (11th Cir. 2006) ("Rule 4(a)(6) allows -but does not require- a district court to reopen the time to file an appeal if certain conditions are met."); Haynes v. City and County of Denver, Co., No. 05-CV-01620, 2006 WL 3826709, at *3 (D. Colo. Dec. 26, 2006) ("[T]he court is not required to grant an extension even if the requirements of Rule 4(a)(6) are met.").

The court STRIKES Mr. Rogers' unsigned motion with leave to file a signed amended motion explaining the circumstances by which he learned of the dismissal order and whether any party would be prejudiced by reopening the time to appeal. *See* FED. R. APP. P. 4(a)(6).

The court DIRECTS the Clerk to send Mr. Rogers a copy of this opinion and the dismissal opinion (document # 34) to Chicago MCC, Metropolitan Correctional Center, Inmate Mail/Parcels, 71 West Van Buren Street, Chicago, IL 60605.

SO ORDERED.

ENTERED:  August 4, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court